IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CR-0222-FL-1

| | |
|---|---|
| **United States of America** | |
| v. | **Memorandum & Order** |
| **Brian Nicholas Thorne**, | |
| Defendant. | |

Defendant Brian Nicholas Thorne, proceeding *pro se*, seeks compensation for the time he spent in federal custody after pleading guilty to being a felon in possession of a firearm. Thorne maintains that he is entitled to compensation because the district court dismissed the Indictment against him in the aftermath of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). The Government opposes Thorne's request on the ground that this court lacks subject matter jurisdiction over his claim and that he has failed to state a claim upon which relief may be granted. After reviewing the parties' arguments and the applicable law, the court determines that it lacks subject matter jurisdiction over Thorne's claim because the Court of Federal Claims has exclusive jurisdiction over such matters.[1] Therefore, his Motion should be dismissed, but without prejudice.

I.      **Background**

On July 9, 2010, a Grand Jury returned a one count indictment against Thorne, which charged him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. D.E. 1. Thorne pled guilty to this charge and was sentenced to a 100-month term of imprisonment. D.E. 28.

---

[1] The motion was referred to the undersigned on April 6, 2015,

On appeal, the Fourth Circuit Court of Appeals vacated Thorne's conviction and remanded the case for further proceedings in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). The court subsequently dismissed the Indictment against Thorne on October 18, 2011. D.E. 48.

Thorne filed a motion seeking compensation for the time he spent in federal custody pursuant to the dismissed charge on February 19, 2015.

## II. Analysis

Federal law provides a mechanism to compensate individuals who have been unjustly deprived of their liberty as the result of an erroneous conviction. *See* 28 U.S.C. §§ 1495, 2513. A party seeking to recover for time that they improperly spent in federal custody must first obtain a certificate of innocence from the court that convicted him. *United States v. Mills*, 773 F.3d 563, 566 (4th Cir. 2014). In order to be entitled to a certificate of innocence, the defendant must allege and prove (1) that the record of the court setting aside or reversing his conviction demonstrates that the court did so on the ground that he is not guilty of the offense for which he was convicted; (2) that he did not commit any of the acts charged, or that those acts or related acts did not constitute a crime against the United States or any State, Territory, or the District of Columbia; and (3) that he did not cause or bring about his own prosecution by misconduct or neglect. *Id.*

If the petitioner is able to obtain a certificate of innocence, he may then bring suit in the United States Court of Federal Claims to recover damages for his unjust conviction and imprisonment. 28 U.S.C. § 1495. Congress provided the Court of Federal Claims with exclusive jurisdiction over suits of this nature. *See Calloway v. United States*, 431 F. Supp. 1111, 1113–14 (E.D. Okla. 1977) (holding that legislative history of 28 U.S.C. § 1495 contained no

indication that Congress intended district courts to have concurrent jurisdiction over claims brought under the statute for unjust conviction and imprisonment).

Here, the court must deny his request for compensation for two reasons. First, there is no indication in the record that Thorne obtained a certificate of innocence from this court. Therefore, he has not satisfied the substantive requirements to receive compensation for his allegedly unlawful conviction and imprisonment. Second, even if Thorne had obtained a certificate of innocence, this court does not have jurisdiction to award him the relief he is seeking. As mentioned above, all claims of this nature must be brought in the Court of Federal Claims. This procedural shortcoming also requires that the court deny his motion.

Therefore, in light of the court's lack of jurisdiction, Thorne's Motion for Compensation is denied without prejudice.

Dated: June 1, 2015.

                                        ROBERT T. NUMBERS, II
                                      UNITED STATES MAGISTRATE JUDGE